## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JON UTAUS-MM DOE,** | § | |
| *Plaintiff,* | § | |
| **v.** | § | **C.A. No. _____** |
| | § | |
| **THE UNIVERSITY OF TEXAS** | § | |
| **AT AUSTIN** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW, Plaintiff JON UTAUS-BB DOE to file this "Plaintiff's Original Complaint" as follows:

### PREAMBLE

*Literally weeks away from graduation and admission to medical school, Defendant UT Austin continues to prosecute Jon under allegations that Jon has already been exonerated from by Defendant UTAustin.*

*This is a suit seeking equitable relief and damages resulting from the intentional violation of federal and state protected rights of Plaintiff Jon by Defendant The University of Texas at Austin (including rights protected by Title IX, the U.S. Constitution, Section 1983, and the Texas Constitution).*

**PLAINTIFF'S ORIGINAL COMPLAINT**                                          1

**SUMMARY OF CONTENTS:**

**A. NATURE OF SUIT**
**B. PARTIES**
**C. JURISDICTION and VENUE**
**D. FACTUAL ALLEGATIONS**
      *1. Who is Plaintiff Jon?*
      *2. UTAustin's Draconian Disciplinary Dragnet.*
      *3. Purported Public Interest being protected by UTAustin's Draconian Disciplinary Dragnet.*
      *4. Plaintiff Jon becomes a Targeted Student and is Sanctioned.*
      *5. UTAustin's Draconian Disciplinary Dragnet illegally violated Plaintiff Jon's rights.*
      *6. Plaintiff Jon has been seriously harmed by UTAustin's Discriminatory Actions.*
      *7. Defendant UTAustin's Action Under the Color of State Law.*
      *8. Administrative Remedies.*
**E. CAUSES OF ACTION**
**F. CONCLUSION**

## A.    <u>NATURE OF SUIT</u>

1.    Plaintiff Jon (defined hereafter) is male, undergraduate student attending Defendant UTAustin (defined hereafter). Jon is literally weeks away from graduation and entrance to medical school. As set forth below, Defendant UT Austin (defined hereafter) is trying to make sure that never happens.

2.    In the Fall of 2018, Plaintiff Jon was targeted by Defendant UTAustin's Draconian Disciplinary Dragnet (defined hereafter). By being targeted, Plaintiff Jon's substantive and procedural due process rights, and, equal protection

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.04.21

rights were trampled upon; and sanctions were issued which have harmed, and will continue to harm Jon, emotionally and economically for perhaps the rest of his life.

3.    Plaintiff Jon now files this original action for damages and equitable relief pursuant to:

    (a)    Title IX of the Education Amendments of 1972), 20 U.S.C. § 1681 et. seq.;

    (b)    42 U.S.C. § 1983 with regards to:

        (i)    Defendant's violations of the laws of the United States; and

        (ii)    Defendant's denial (under the color of law) of Plaintiff Jon's equal protection violation, procedural due process violations, and substantive due process violations under the Fourteenth Amendment to the U.S. Constitution; and

    (c)    Defendant's actions in violations of provisions of the Texas Constitution.

## B.    PARTIES

4.    Plaintiff JON UTAUS-MM DOE (hereafter, "Jon") is a male residing in the State of Texas. Because of the privacy issues involved in this matter and the likelihood of retaliation by Defendant, Jon is hereby exercising his rights to proceed with this matter anonymously.

5.      The need to protect the identity of Jon shall not hinder the defense of this matter, for the facts are well known to the Defendant. When applying the balancing tests to determine the needed protection of the privacy of Plaintiff Jon *vs.* the small inconvenience to the Defendant, the protection of Plaintiff's privacy rights prevails.

6.      At such time as the Court might agree on procedures designed to protect the privacy of Plaintiff Jon and ensure an absence of retaliation, Jon's identity shall be disclosed.

7.      Defendant **THE UNIVERSITY OF TEXAS AT AUSTIN** ("UTAustin") is a public university operating in the State of Texas and may be served with citation by serving Defendant's President as follows:

**The University of Texas at Austin**
**Attn: Gregory L. Fenves**
**110 Inner Campus Drive**
**Stop G3400**
**Austin, Texas 78712**

8.      Although Defendant UTAustin is owned and operated by the State of Texas, Defendant UTAustin does receive grants and other funding from the United States.

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.04.21

## C.  <u>JURISDICTION and VENUE</u>

9.     The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under**:**

(a)    Title IX of the Education Amendments of 1972), 20 U.S.C. § 1681 et. seq. (Title IX"); and

(b)    42 U.S.C. § 1983 ("Section 1983").

10.    Venue is proper in the Western District of Texas (Austin Division) because Defendant UTAustin operates its university in Travis County, Texas which is within the Western District of Texas.

## D.    <u>FACTUAL ALLEGATIONS</u>

### 1.    *Who is Plaintiff Jon?*

11.    Plaintiff Jon is male, student attending his senior year at Defendant UT Austin, literally only weeks away from graduation and admission into medical school.

12.    Plaintiff Jon was raised by parents who emphasized hard work and personal integrity, two attributes Jon carries with them daily.

13.    Plaintiff Jon applied such attributes (hard work and personal integrity) in everything Jon did.

14.    Not surprisingly, Plaintiff Jon had a vast array of university options to choose from before Jon selected Defendant UTAustin.

15.    Out of all the possible 2400 four year and accredited colleges and universities in the United States, Plaintiff Jon selected Defendant UTAustin.

16.    Plaintiff Jon's selection of Defendant UTAustin was based on Jon's belief that not only was Defendant UTAustin the best place for Jon to get the education Jon passionately desired, but that Defendant UTAustin also exemplified a university that cared about its students and provided a broad range of student opportunities (academic and socially) that would allow Jon to grow and mature into young men ready to pursue successful careers after Jon's graduation.

17.    After four years of hard work and good grades, with medical school getting closer by the day, Plaintiff Jon became a Targeted Student (defined hereafter) resulting in the proposed sanction of suspension, placing medical school and a career in medicine at risk.

## 2.    *UTAustin's Draconian Disciplinary Dragnet.*

18.    In advancement of the hereafter described Public Interest, Defendant UTAustin has created various protocols applicable to all students attending Defendant UTAustin with regards to allegations of cheating, plagiarism, collusion, and student honesty and integrity matters (hereafter, collectively "Protocols").

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.21

Although the Protocols are accessible on line as part of hundreds of publications and handbooks, most students at Defendant UTAustin (including Plaintiff Jon) have no actual knowledge of the Protocols.

19.     Rather than creating steps to ensure that the students at Defendant UTAustin (including Plaintiff Jon) are truly aware of the Protocols, Defendant UTAustin believes it is sufficient to post thousands and thousands of pages on line, assuming that the students are meticulously downloading, reading, and analyzing the Protocols, rather than tending to such student's classes.

20.     Under the Protocols, a student attending Defendant UTAustin can become a "Targeted Student" for alleged violations of the Protocols by many different persons and means, including but not being limited to unsupported allegations and rumors being asserted by the following:

> (a)     an enemy of a student;
>
> (b)     an ex-boyfriend or ex-girlfriend of a student;
>
> (c)     an employee of Defendant UTAustin;
>
> (d)     a student guilty of violating the Protocols who is willing to offer names of other students in exchange for a lessor sanction, whether such students were involved or not (being reminiscent of the *McCarthyism* witch hunts of the 1950s in the United States); or

     (e)    essentially anyone willing to spread a rumor about a student.

Hereafter, collectively defined as the "Targeting."

21.    Under the Protocols, once a student of Defendant UTAustin has become a Targeted Student of an alleged violation of the Protocols, the Protocols allow for implementation of various investigation, interrogation, and prosecution steps.

22.    The use of the term "investigation" hereafter is used with great reluctance, as the actual steps pursued by Defendant UTAustin are shrouded in mystery and fail to follow any meaningful investigation as the term is generally used and considered. Further, the use of the term "interrogation" in this Complaint is not intended to be considered mere rhetoric, for the actions undertaken by Defendant UTAustin are established steps to interrogate the Targeted Student without the student being advised of the potential Sanctions (defined hereafter) that can be issued against the student, based solely on the student's statements.

23.    The investigation, interrogation, and prosecution steps utilized by Defendant UTAustin after the Targeting of a student, include but are not limited to the following:

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.21

(a)     an investigation and interrogation of the Targeted Student by the accuser;

(b)     an initial, summary determination of guilt by the accuser;

(c)     an initial recommendation for a sanction by the accuser;

(d)     an investigation and interrogation of the Targeted Student by the Student Conduct and Academic Integrity department within the Office of the Dean of Students ("Dean of Students");

(e)     a lack of written procedures to be followed during the foregoing referenced investigations and interrogations;

(f)     a summary determination of guilt by the Dean of Students (the exclusion of the term "innocence" is not intended to be hyperbole, for upon information and belief, very few of the Targeted Students are determined to be innocent by the Dean of Students);

(g)     a summary issuance of sanctions by the Dean of Students;

(h)     in some cases, the denial of appellate rights of the sanctions issued;

(i)     in other cases (such as Plaintiff Jon), a *semi-de novo* hearing before a "Committee" of students, and university educators or administrators, all of whom are selected by Defendant UTAustin, is held to consider the allegations (hereafter "Hearing");

(j)     the selection of the students for the Committee is drawn from a pool of students wishing to embellish their own resumes by prosecuting other students;

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                 9

(k)     limited and confusing discovery steps before the Hearing;

(l)     limited and confusing procedures followed during the Hearing;

(m)    although the Targeted Student is denied the right to legal counsel throughout implementation of the Protocols, Defendant UTAustin usually has two to three attorneys present during the Hearing, to represent Defendant UTAustin, as well as to participate and preside over the prosecution of the Targeted Student and the Committee during the Hearing;

(n)     limited and confusing burdens of proof required during the Hearing, under the over used and never truly understood umbrella of "a preponderance of the evidence;"

(o)     private, closed session discussions of the Committee, without the Targeted Student present, but with the legal counsel representing Defendant UTAustin participating, to determine guilt and sanctions, all of which occur before any record of the Hearing can be transcribed and reviewed;

(p)     determination of guilt and issuance of sanctions by the Committee;

(q)     the availability (in most cases) of a "paper" appeal to a designated individual within the Dean of Students ("Appellate Officer"). Until just recently, an appeal from a decision of the Committee after a Hearing was heard by the Office of the President of Defendant UTAustin. Having grown tired of the president of Defendant UTAustin being sued for improper disciplinary decisions, Defendant UTAustin had done away with an appeal to

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.04.21

the president, and instead, has designated a person within the Dean of Student's to consider appeals;

(r)     with the Appeal now directed solely to the Appellate Officer within the Dean of Students, the Appeal process has become even more of a bad joke, as the Appeal is being handled by the same office that is in charge of the Draconian Disciplinary Dragnet;

(s)     limited and confusing procedures to be followed during the Appeal;

(t)     limited and confusing burdens of proof required during the Appel, under the over used and misunderstood umbrella of "a preponderance of the evidence;"

(u)     a unilateral and final determination of the proprietary of the determination of guilt and sanctions by the Appellate Officer;

(v)     a glaring lack of confidentiality protections throughout the foregoing; and

(w)     the now apparent ability of the Appellate Officer to remand matters back for further Investigation, another Hearing, and the re-issuance of Sanctions, creating a "Double Jeopardy" scenario.

Hereafter, the Protocols, the Targeting, the foregoing investigations, the interrogations, the Hearing, the Appeal, the lack of appeal, the determinations of guilt, issuance of sanctions, the lack of confidentiality safeguards, and the Double

**PLAINTIFF'S ORIGINAL COMPLAINT**                                        11

Jeopardy scenario shall be collectively referred to as the "Draconian Disciplinary Dragnet."

24.    Throughout the entirety of Defendant UT Austin's Draconian Disciplinary Dragnet, the Targeted Student is denied the right to legal counsel ("Denial of Legal Counsel").

25.    If found guilty during the Draconian Disciplinary Dragnet, there are a number of "Sanctions" that can be issued against the Targeted Student, including but not being limited to:

  (a)    suspension from Defendant UTAustin;

  (b)    expulsion from Defendant UTAustin;

  (c)    placement of the Targeted Student on disciplinary probation;

  (d)    placement of the Targeted Student on academic probation;

  (e)    the issuance of a zero for a particular exam or assignment;

  (f)    the issuance of an "F" for a particular exam or assignment;

  (g)    the issuance of a Zero for a particular class;

  (h)    the issuance of an "F" for a particular class;

12

**PLAINTIFF'S ORIGINAL COMPLAINT**

(i)     mandated attendance at counseling or meditative sessions directed by Defendant UTAustin;

(j)     the retention of all records of the Draconian Disciplinary Dragnet within the Targeted Student's student file for seven years; and

(k)     a glaring lack of confidentiality protections as to the issuance of the Sanctions.

26.     Throughout the entirety of Defendant UT Austin's consideration and issuance of the Sanctions (such Sanctions hereby deemed to be a part of the Draconian Disciplinary Dragnet), the Targeted Student is, again, subject to the Denial of Legal Counsel.

27.     In the words of Defendant UTAustin, the Draconian Disciplinary Dragnet is (paraphrasing) "*an educational process for the students, which does not require the right to legal counsel or a higher level of due process*" (hereafter, the "Educational Process View").

28.     Defendant UTAustin's Educational Process View exists notwithstanding that the Draconian Disciplinary Dragnet directly causes serious economic and emotional harm to a Targeted Student, including but not limited to the following:

**PLAINTIFF'S ORIGINAL COMPLAINT**     13

(a)     causing the Targeted Student to be suspended, or expelled; thereby incurring the economic damages of having to pay to re-do a year or more, or forever altering post-graduate and career plans;

(b)     to retake a class, thereby incurring the economic damages of having to pay for the same class twice, having to re-do a year or more, or forever altering post-graduate and career plans;

(c)     in cases where a suspension or expulsion is mandated, then the Targeted Student is denied the ability to continue with additional university studies as planned, as well as being harmed in efforts to enter into the employment market or causing economic harm for the rest of the Targeted Student's life;

(d)     in cases where a class retake is mandated, depending on how often Defendant UT Austin offers the class to be retaken, the retake sanction can often require an additional year of attendance at Defendant UTAustin, which then mandates additional tuition, room, and board expenses;

(e)     under the foregoing circumstances when an additional year, or perhaps more, is required as a result of the Sanctions, then the Target Student is faced with additional student loan repayments and interest;

(f)     a potential transfer of the Targeted Student to other universities can be denied;

(g)     the Targeted Student's reputation is harmed within the professor and administrative community of Defendant UTAustin and elsewhere;

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.04.21

(h)     the Targeted Student's reputation is harmed within the student community of Defendant UTAustin and elsewhere;

(i)     the Targeted Student's reputation is harmed within the family of the Targeted Student;

(j)     because employers and other university applications now often ask whether the Targeted Student was ever the subject of a disciplinary matter while at Defendant UTAustin, the required "yes" answer by the Targeted Student eliminates employment and educational opportunities with a lifetime economic impact;

(k)     the mandated counseling or meditative sessions (being nothing more than forced counseling not under the care of a medical professional) can interfere with the emotional and mental well-being of the Targeted Student;

(l)     the Targeted Student often suffers serious negative emotional, physical, and mental harm;

(m)     the Targeted Student's emotional, physical, and mental harm can continue throughout such Student's life;

(n)     the Targeted Student's emotional, physical, and mental harm can cause scenarios of self-inflicted physical harm to the Targeted Student that previously did not exist;

(o)     the Targeted Student's emotional, physical, and mental harm can create life and death risks to the Targeted Student that previously did not exist; and

(p)   the treatment of the foregoing described emotional, physical, and mental harm creates health care and medical expenses.

Hereafter, the foregoing shall be referred to collectively as the "Potential Harm."

**3.**   *Purported Public Interest being protected by UTAustin's Draconian Disciplinary Dragnet.*

29.   Based upon information and belief, the purported public interest ("Public Interest") being advanced and protected by Defendant UT Austin through Defendant UTAustin's use of the Draconian Disciplinary Dragnet is to protect the integrity of degrees granted by Defendant UTAustin.

30.   When reviewing, however, the Potential Harm to the Targeted Student, Defendant UTAustin's Educational Process View is untenable, for the Draconian Disciplinary Dragnet is arbitrary and not reasonably related to Defendant UTAustin's Purported Public Interest.

31.   Further, the Potential Harm to the Targeted Student does not support the limitations and failures of Defendant UTAustin's Draconian Disciplinary Dragnet, and, the need to avoid the Potential Harm to be suffered by the Targeted Student far outweighs the manner in which Defendant UTAustin has elected to protect the stated Public Interest.

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.04.21

4.    *Plaintiff Jon becomes a Targeted Student.*

32.    In the Fall of 2018, Plaintiff became a Targeted Student as a result of "False allegations" being made against Jon.

33.    Following the playbook of Defendant UTAustin's Draconian Disciplinary Dragnet, Plaintiff Jon was summoned to a meeting with the Dean of Students (hereafter "DS Meeting"), wherein Jon was accused of having violated the Protocols of Defendant UT Austin.

34.    Plaintiff Jon was denied the right to attorney participation in the DS Meeting.

35.    The allegations and arguments made by Defendant UTAustin during the DS Meeting:

(a)    were confusing;

(b)    included the Dean of Student's own unsupported assumptions and conclusions as to Jon's purported actions;

(c)    assumed that Plaintiff Jon was obviously guilty of something, because Jon was a Targeted Student; and

(d)    were clearly conclusory.

36.     After the foregoing investigation and interrogation by the Dean of Students but still during the short DS Meeting, the Dean of Students informed Plaintiff Jon that Jon was found guilty of the violating the Protocols of Defendant UTAustin, proven by a preponderance of the evidence and would be sanctioned by being suspended  the "University Decision").

37.     Throughout the numerous steps of the Defendant UTAustin's Draconian Disciplinary Dragnet, representatives of Defendant UTAustin, throw around the phrase "preponderance of the evidence" without any meaningful understanding or policy as to what the true meaning of such phrase is. In doing so, Defendant UTAustin is purposely misleading each Targeted Student into believing that some sort of judicial process is being followed, which is wholly false.

38.     A Committee was convened and a Hearing held to consider the University Decision. Notwithstanding the evidence exonerating Jon from the commission of any violation of the Protocols, the University Decision of suspension was upheld by the Committee.

39.     Plaintiff Jon did Appeal the University Decision and the suspension sanction was vacated because the Dean of Students and the Committee were prosecuting Jon under the wrong policy within the Protocols. However, rather than acknowledging that Jon has suffered enough from the injustices occurred, the

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.21

Appellate Officer remand Jon's matter back to the Dean of Students with instructions to proceed with further investigation and additional prosecution, creating the Double Jeopardy scenario.

40.     As of the filing of this Complaint, Defendant UTAustin has already begun the re-prosecution of Jon for the same false allegations.

**5.     *UTAustin's Draconian Disciplinary Dragnet illegally violated Plaintiff Jon's Rights.***

41.     The issuance of the University Decision as to Plaintiff Jon, including the issued Sanctions, resulting from Defendant UTAustin's Draconian Disciplinary Dragnet is arbitrary and capricious, and, not reasonably related to Defendant UTAustin's Purported Public Interest with regards to Plaintiff Jon.

42.     Further, the Sanctions imposed upon Plaintiff Jon were not appropriate to the alleged wrong committed by Plaintiff Jon, for such Sanctions are ongoing, for the rest of Plaintiff's Jon's life and impact Jon's Property Interest (defined hereafter).

43.     With the issuance of the University Decision, the imposition of Defendant UTAustin's Draconian Disciplinary Dragnet upon Plaintiff Jon (including but not being limited to the Denial of Legal Counsel) were complete and suffered the Sanctions in violation of Jon's:

       (a)    rights granted and protected by Title IX;

       (b)    substantive and procedural rights and guarantees of equal protection created by the Constitution of the United States; and

       (c)    substantive and procedural rights and guarantees of equal protection created by the Constitution of the State of Texas.

For the purposes hereof, the foregoing violations shall be collectively referred to as the "UTAustin's Discriminatory Actions" committed by Defendant UTAustin.

**6.     *Plaintiff Jon has been seriously harmed by UTAustin's Discriminatory Actions*.**

44.     As a direct result of the Defendant UTAustin's Discriminatory Actions against Plaintiff Jon, the Potential Harm has become a reality for Jon.

45.     Upon on information and belief, an excessively high percentage of Targeted Students then being sanctioned by Defendant UTAustin makes clear that the presumption of innocence obviously plays no part of the UTAustin's Draconian Disciplinary Dragnet.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.21

46.     Upon information and belief, Defendant UTAustin's Discriminatory Actions constitute disparate treatment of males (including Plaintiff Jon) and has had a disparate impact on male students (including Plaintiff Jon), in violation of Title IX.

47.     As a direct result of Defendant UTAustin's Discriminatory Actions against Plaintiff Jon, Jon has also suffered physical, emotional, and economic harm as a result of Defendant UTAustin's Discriminatory Actions, and, shall suffer future physical, emotional, and economic harm, including actual and consequential damages.

48.     As a direct result of the Defendant UTAustin's Discriminatory Actions against Plaintiff Jon, Jon's mental health has deteriorated and is likely to continue to deteriorate.

49.     As a direct result of the Defendant UTAustin's Discriminatory Actions against Plaintiff Jon, Jon is also likely to be denied the graduation and degree that Jon has spent four years earning, resulting in harm to Jon economically in the future (collectively hereafter, "Property Interest") as previously discussed in the Potential Harm which is now a reality for Jon.

50.     Defendant UTAustin's Discriminatory Actions as to Plaintiff Jon were committed intentionally and in bad faith, or with reckless disregard for the outcome, constituting a conscious indifference by Defendant UTAustin.

**7.     *Defendant UTAustin's Action Under the Color of State Law.***

51.     The administrators participating in Defendant UTAustin's Discriminatory Actions, including but not being limited to representatives of the Dean of Students including the Appellate Officer, are the individuals charged with the responsibility of implementing the Protocols, which were established by the policy makers of Defendant UTAustin and were implementing the policies and customs (the Protocols) of Defendant UTAustin when committing the Discriminatory Actions.

52.     Further, if any portion of such policies are not, in fact written, each of the administrators participating in Defendant UTAustin's Discriminatory Actions, were implementing the policies and customs of Defendant UTAustin in accord with the customs and practices of Defendant UTAustin.

53.     Additional insight into the university wide acceptance and implementation of the Defendant UTAustin's policies and customs being at the core of Defendant UTAustin's Draconian Disciplinary Dragnet is provided by the following two events occurring in recent matters unrelated to Plaintiff Jon:

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.21

(a)     In December 2018, a United States Congressman (from the State of Texas) contacted the Washington D.C. office of Defendant UTAustin to obtain more information related to one of his constituents (being a student at Defendant UTAustin) having been sanctioned as a result of the Draconian Disciplinary Dragnet. In no uncertain terms, a vice chancellor of Defendant UTAustin informed the Congressman, *paraphrasing,* that Defendant UTAustin would not be responding to the Congressman's inquiry, would not look into any purported disciplinary matter, and would not even return any future calls or further inquiries from the Congressman related to disciplinary matters of Defendant UTAustin's students; and

(b)     In a separate matter occurring this month, an attorney representing a separated Targeted Student, raised certain jurisdictional issues related to the Draconian Disciplinary Dragnet and was informed, *paraphrasing*, there might not be a written policy giving us (Defendant UTAustin) jurisdiction over the Targeted Student, but that is how we choose to proceed.

## 8.     *Administrative Remedies.*

54.     There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff Jon. Even if such Preconditions did exist, the actions of Defendant UTAustin have shown that such efforts would be futile or are otherwise moot.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                    23

55.    As a result of Defendant UTAustin's Discriminatory Actions committed against Plaintiff Jon, Jon was required to engage legal counsel to protect Jon's rights and redress the harm Jon has suffered.

56.    All conditions precedent to Plaintiff Jon bringing these claims have been met.

## E.   PLAINTIFF'S CAUSES OF ACTION

57.    Plaintiff Jon incorporates by reference the facts set forth in foregoing ARTICLE D: GENERAL BACKGROUND hereof.

## COUNT TWO: TITLE IX VIOLATIONS

58.    As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UTAustin falls under the jurisdiction and requirements of Title IX.

59.    Defendant UTAustin's Discriminatory Actions against Plaintiff Jon are so severe, pervasive, and objectively offensive that Plaintiff Jon has been deprived access to educational opportunities and benefits provided by Defendant UTAustin in violation of Title IX.

60.    Defendant UTAustin's Discriminatory Actions against Plaintiff Jon failed to protect Plaintiff Jon from improper Sanctions in violation of Title IX.

61.     Defendant UTAustin's Discriminatory Actions as to Plaintiff Jon constitute disparate treatment of males (including Plaintiff Jon) and has had a disparate impact on male students (including Plaintiff Jon) in violation of Title IX.

62.     Defendant UTAustin's discriminatory conduct toward Plaintiff Jon, in violation of Title IX have caused Plaintiff Jon to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sue in accord with Title IX.

63.     Defendant UTAustin's Discriminatory Actions against Plaintiff Jon in violation of Title IX have caused Plaintiff Jon to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues in accord with Title IX.

## COUNT TWO: SECTION 1983 VIOLATIONS

64.     Defendant UTAustin's implementation of the Draconian Disciplinary Dragnet, the University Decision, the Discriminatory Actions committed against Plaintiff Jon as well as Defendant UTAustin's Educational Process View are not warranted denials of Jon's rights, sufficient to support the Public Interest purportedly being protected.

65.     Section 1983 of Title 42 of the United States Code provides, in part,:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the part injured in an action at law, suit in equity, or other proper proceeding for redress…"

66.     Defendant UTAustin's Discriminatory Actions were committed against Plaintiff Jon under the color of law and resulted in the violation of Plaintiff Jon's rights under the United States Constitution and other federal laws.

67.     Specifically, Defendant UTAustin's Discriminatory Actions were committed under the color of law and resulted in the violation of Plaintiff Jon's rights under:

(a)     Title IX;

(b)     the procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of Jon's Property Rights;

(c)     the substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jon's Property Rights; and

(d)     the equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jon's Property Rights.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.21

68.     Defendant UTAustin's  discriminatory  conduct toward Plaintiff Jon, in  violation  of  Section 1983 have caused Plaintiff Jon to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future  compensatory damages, for which Plaintiff Jon now sue in accord with Section 1983.

69.     Defendant UTAustin's  Discriminatory  Actions against Plaintiff Jon in  violation  of  Section 1983 have caused Plaintiff Jon to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sue in accord with Section 1983.

70.     Plaintiff Jon also seek equitable relief to which Plaintiff Jon is entitled by Section 1983, including but not being limited to:

(a)     requiring Defendant UTAustin to strike all negative information, emails, evaluations, and materials as to Plaintiff Jon relating to the foregoing actions and sanctions from the records of Defendant UTAustin;  and

(c)     the removal from all of Plaintiff Jon's records at Defendant UTAustin that Plaintiff Jon was ever the subject of any disciplinary matter while attending Defendant UTAustin.

## COUNT THREE: VIOLATIONS OF THE TEXAS CONSTITUTION

71.     As a university owned and operated by the State of Texas, Defendant UTAustin's action are also subject to scrutiny of protections created by the Texas Constitution.

72.     Defendant UTAustin's Discriminatory Actions against Plaintiff Jon was committed under the color of law and resulted in the violation of Plaintiff Jon's rights under the Constitution of the State of Texas.

73.     Specifically, Defendant UTAustin's Discriminatory Actions committed towards Jon were committed under the color of law and resulted in the violation of Plaintiff Jon's rights under:

(a)     the procedural due process requirements of the Texas Constitution found in Article 1, Section 19;

(b)     the substantive due process requirements of the Texas Constitution found in Article 1, Section 19; and

(c)     the equal protection requirements of the Texas Constitution found in Article I, Section 3.

Hereafter, the foregoing shall be collectively referred to as "Violations of the Texas Constitution."

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.21

74.     Defendant UTAustin's Violations of the Texas Constitution as to Plaintiff Jon have caused Plaintiff Jon to suffer a loss of benefits and created economic losses.

75.     Defendant UTAustin's Violations of the Texas Constitution as to Plaintiff Jon  have caused Plaintiff Jon to suffer mental and emotional distress and damages.

76.     Although Plaintiff Jon, as a private party living in the State of Texas, has no standing to seek monetary damages for the Defendant UTAustin's Violations of the Texas Constitution as to Plaintiff Jon, Plaintiff Jon does seek the equitable relief to which Plaintiff Jon is entitled by Texas jurisprudence, including but not being limited to:

> (a)     requiring Defendant UTAustin to strike all negative information, emails, evaluations, and materials as to Plaintiff Jon relating to the foregoing actions and proposed sanctions from the records of Defendant UTAustin; and

> (b)     the removal from all of Plaintiff Jon's records at Defendant UTAustin that Plaintiff Jon was ever the subject of any disciplinary matter while attending Defendant UTAustin.

## COUNT FOUR: PUNITIVE DAMAGES

77.    Defendant UT Austin's Discriminatory Actions against Plaintiff Jon in violation of Title IX were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference, constituting a conscious indifference toward Plaintiff Jon's federally protected rights, thereby entitling Plaintiff Jon to punitive damages pursuant to Title IX, for which Plaintiff Jon now seeks in an amount of $ 1,000,000.00.

78.    Defendant UT Austin's Discriminatory Actions against Plaintiff Jon in violation of Section 1983 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference constituting a conscious indifference toward Plaintiff Jon's federally protected rights, thereby entitling Plaintiff Jon to punitive damages pursuant to Section 1983, for which Plaintiff Jon now seeks in an amount of $ 1,000,000.00.

## COUNT FIVE: POST JUDGMENT INTEREST

79.    Plaintiff Jon also requests post judgment interest as may be allowed by applicable law.

## COUNT EIGHT: ATTORNEYS' FEES

80.    Plaintiff Jon should be awarded his reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.04.21

## F.   **REQUEST FOR JURY**

81.    Plaintiff Jon hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G .  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JON UTAUS-MM DOE prays the necessary summons be issued; that upon final trial hereof, that judgment be entered in favor of Plaintiff Jon for the actual, consequential, and punitive damages set forth herein including post judgment interest; that Plaintiff Jon be reimbursed his reasonable and necessary attorneys' fees required to bring this matter; that all costs of Court be taxed against Defendant; that Plaintiff Jon be granted the equitable relief be granted; and that Plaintiff Jon have such further and other relief, general and special, both at law or in equity, to which she may show himself to be justly entitled.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                31

Respectfully submitted,

GORMAN LAW FIRM, pllc

By:  _____

Terry P Gorman, Esq.
Texas Bar No. 08218200
tgorman@school-law.co
Chigozie F. Odediran, Esq.
Texas Bar No. 24098196
codediran@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 320-9177
Telecopier: (512) 597-1455
**COUNSEL FOR PLAINTIFF**
**JON UTAUS-MM DOE**

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.04.21